UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE-LINK INCORPORATED, ) | Civil No. 07cv1125-L(AJB) |
| ) | Civil No. 07cv2156-L(AJB) |
| Plaintiff, ) | |
| ) | **ORDER CONSOLIDATING CASES** |
| v. ) | **AND VACATING HEARING** |
| ) | |
| TZERO TECHNOLOGIES, ) | |
| INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

On February 27, 2008, the court issued an order to show cause why cases numbered 07cv1125-L(AJB) and 07cv2156-L (AJB) should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a). On March 5, 2008, Plaintiff filed a response not opposing consolidation, but requesting the case management dates in case no. 07cv1125-L(AJB) stay undisturbed. Defendant did not respond to the OSC. For the reasons which follow, the cases are consolidated.

Federal Rule of Civil Procedure 42(a) gives the court discretion to consolidate cases which "involve a common question of law or fact." On November 9, 2007, Plaintiff field a Notice of Related Case, stating that case no. 07cv2156 is related to case no. 07cv1125. Based thereon, on November 19, 2007 a Report of Clerk and Order of Transfer Pursuant to "Low Number" Rule was filed, finding the cases were related. Accordingly, case no. 07cv2156 was transferred to the court assigned to case no. 07cv1125.

Upon review of the complaint filed in each case, the court finds the cases involve the same parties. They are both patent infringement cases referring to the same technology. Although the patents involved in each case are different, the alleged infringing products are the same. In fact, the descriptions of the technology involved and the infringing products are the same in both cases. Both cases call for determination of common questions of fact pertaining to the technology and involved, and law pertaining to patent infringement.

Although Plaintiff does not oppose consolidation, it urges the court to allow for a separate discovery schedule, motion briefing and *Markman* hearing in each case. The court disagrees. Given the stated similarities of the cases, efficiencies to the judicial resources and to the parties in motion briefing and discovery warrant the cases to proceed on a the same schedule.

The court is mindful of Plaintiff's interest in quickly enforcing its patent in the first-filed case. Plaintiff filed the complaint in case no. 07cv1125 on June 21, 2007. It then filed a new complaint, case no. 07cv2156, involving the same technology on November 9, 2007. The delay between Plaintiff's filing of the two cases is less than five months. Given the substantial overlap between the cases, any delay in case management dates of the first-filed case resulting from consolidation should be substantially less than that.

For the foregoing reasons, it is hereby **ORDERED**:

1. Case no. 07cv2156-L(AJB) is consolidated for pretrial and trial proceedings with case no. 07cv1125-L(AJB) pursuant to Federal Rule of Civil Procedure 42(a).

2. All further filings shall be made in case no. 07cv1125 only.

3. The *Markman* hearing currently set for May 16, 2008 is hereby **VACATED.**

4. The parties shall schedule a case management conference before Magistrate Judge Battaglia to address pre-trial scheduling consistent with this order.

**IT IS SO ORDERED**.

DATED: March 7, 2008

M. James Lorenz
United States District Court Judge

1
2  COPY TO:
3  HON. ANTHONY J. BATTAGLIA
   UNITED STATES MAGISTRATE JUDGE
4  ALL PARTIES/COUNSEL
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28