UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE~LINK INCORPORATED,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TZERO TECHNOLOGIES INCORPORATED,<br><br>　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | **CASE NO. 07 CV 2156 L (AJB)**<br><br>**ORDER GRANTING JOINT MOTION TO APPROVE CONSTENT JUDGMENT AND DISMISSING CLAIMS AND COUNTERCLAIMS WITH PREJUDICE**<br><br>**AND**<br><br>**CONSENT JUDGMENT** |

　　For good cause having been shown, the parties' joint motion to approve consent judgment, filed June 18, 2008, is hereby **GRANTED**.  The complaint filed November 9, 2007 and the counterclaims asserted in the answer filed January 2, 2008 are hereby **DISMISSED WITH PREJUDICE**.

　　Pursuant to the parties' joint motion, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1

1.     Plaintiff Pulse~Link is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1969 Kellogg Avenue, Carlsbad, California 92008.

2.     Defendant Tzero Technologies Incorporated ("Tzero") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 455 West Maude Ave. Ste 100 Sunnyvale, California 94085.

3.     This Court has jurisdiction over this action, personal jurisdiction over the parties and venue is proper in this judicial district.  The patent claims arise under the patent laws of the United States, Title 35 U.S.C. §§ 1, et seq.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  The Court has jurisdiction to enter and enforce this Consent Judgment.

4.     The Plaintiff and Defendant each, on behalf of themselves and their agents, employees, independent contractors, personal representatives, assigns, heirs, and attorneys, hereby releases the other party from any and all claims, demands, liens, actions, suits, causes of action, controversies, debts, costs, attorneys' fees, damages, expenses, judgments, orders, indemnities, injuries, and obligations of every kind and character at law, in equity, or otherwise related to:  (1) U.S. Patent Nos. 6,895,034 and/or 7,099,368 (including foreign counterparts); and/or (2) any patents or patent applications (including foreign counterparts) that are continuations, continuations-in-part, divisionals, reissues, reexaminations, or extensions of: (a) any of the applications that gave rise to U.S. Patent No. 6,895,034 or 7,099,368 and/or (b) U.S. Patent Nos. 6,895,034 or 7,099,368 ( "Related Patents").

5.     Tzero has suspended development of an Ultra-Wideband product that was the subject of the action now being settled.  If Tzero (including any successor, subsidiary, subsidiary of subsidiary, division, or affiliate in which it owns a majority or a controlling interest), reintroduces the product that was the subject of the action now being settled or makes, has made, uses, sells, imports or offers for sale products designed and intended to use Ultra-Wideband technology to transmit data through a wire, and that reintroduced product or new product infringes directly,

indirectly, literally or by the doctrine of equivalents the 6,895,034 or 7,099,368 patents or Related Patents, Tzero shall first obtain, and Pulse~Link agrees to grant, a license from Pulse~Link. Pulse~Link shall grant such a license to Tzero on fair and commercially reasonable terms. Pulse~Link shall use good faith efforts to grant such a license within 3 months of Tzero's request for such a license.

6. Accordingly, the counts, claims, and causes of actions contained in Pulse~Link's Complaint for Patent Infringement and Injunctive Relief, filed on November 9, 2007, and in Tzero's Answer to Complaint for Patent Infringement and Injunctive Relief and Counterclaims, filed on January 2, 2008, are dismissed with prejudice.

7. U.S. Patent Nos. 6,895,034 and 7,099,368 are valid, enforceable, and owned by Pulse~Link.

8. The parties waive all right to appeal from this judgment.

9. Each party shall bear its own costs and attorneys fees.

10. The Court shall retain jurisdiction to enforce this Consent Judgment.

11. The validity, construction and performance of this Consent Judgment shall be governed by the laws of the United States of America or the State of California, as applicable, without reference to any conflicts of law provisions of California law.

Dated: June 19, 2008

_____
**UNITED STATES DISTRICT JUDGE**